UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY CONDON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN CARLIN,<br><br>　　　　Respondent. | Case No. 3:14-cv-00043-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is Petitioner Timothy Condon's Petition for Writ of Habeas Corpus (Dkt. 3). Respondent has filed an Answer and Brief in Support of Dismissal. (Dkt. 13.) The Court takes judicial notice of the records from Petitioner's state court proceedings lodged by the parties. (Dkt. 12.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Both parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 11.)

　　　　Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters

the following Order denying the claims in the Petition and dismissing this case with prejudice.

## BACKGROUND

In January 2011, in a criminal action in the Third Judicial District Court in Canyon County, Idaho, Petitioner pleaded guilty to felony driving under the influence (DUI), in exchange for the prosecution's agreement not to file persistent violator charges against him. He received a sentence of ten years, with the first five years fixed. Judgment was entered in March 2011.

Thereafter, Petitioner filed a Rule 35 motion for correction of sentence, arguing that his sentence was excessive based on state law abuse-of-discretion grounds, rather than Eighth Amendment grounds. *See State v. Condon*, 2011 WL 11047965 (Idaho Ct. App. 2011). The motion was denied. The decision was affirmed on appeal by the Idaho Court of Appeals, and the Idaho Supreme Court denied Petitioner's petition for review. (State's Lodgings B-1 to B-9.)

Thereafter, Petitioner brought five claims in a state post-conviction petition. However, on post-conviction appeal, Petitioner pursued only a claim that his counsel was ineffective for withdrawing a motion to reduce the $1 million bail, instead of pursuing the motion. Petitioner argued that the granting of the motion would have allowed Petitioner to enroll in a rehabilitation program, making possible a chance of obtaining a more lenient sentence. *See Condon v. State*, 2013 WL 5818536 (Idaho Ct. App. 2013). The post-conviction petition was dismissed, and the Idaho Court of Appeals affirmed the

**MEMORANDUM DECISION AND ORDER - 2**

dismissal. The Idaho Supreme Court denied Petitioner's petition for review. (State's Lodgings C-1 through D-7.)

Petitioner filed his federal Petition for Writ of Habeas Corpus on February 7, 2014, containing three claims. (Dkt. 3.) Petitioner's first claim is that the $1 million bail amount violated the Eighth Amendment. His second claim is that he was prosecuted without a grand jury indictment in violation of the Fifth Amendment. His third claim is a Sixth Amendment ineffective assistance of counsel claim, based upon trial counsel's withdrawal of Petitioner's request to seek a reduction in bail via a "motion for pre-trial release."

## STANDARD OF LAW

Federal habeas corpus relief may be granted where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the petitioner challenges a state court judgment in which the petitioner's federal claims were adjudicated on the merits, then Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies. Title 28 U.S.C.§ 2254(d) limits relief to instances where the state court's adjudication of the petitioner's claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**MEMORANDUM DECISION AND ORDER - 3**

28 U.S.C. § 2254(d). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Where a petitioner contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although it identified "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief.

**MEMORANDUM DECISION AND ORDER - 4**

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If fairminded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The Supreme Court emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

Though the source of clearly established federal law must come only from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

## DISCUSSION

**1.   Claim One**

Petitioner's first habeas claim "is that the $1 million bail amount violated the Eighth Amendment." (Dkt. 8, p. 2.) In *United States v. Salerno*, 481 U.S. 739 (1987), the Supreme Court held that the Excessive Bail Clause of the Eighth Amendment prevents the imposition of bail conditions that are excessive in light of the valid interests the State seeks to protect by offering bail. *Id*. at 754. The United States Supreme Court has assumed, but not expressly held, that the Excessive Bail Clause is incorporated into the Fourteenth Amendment to apply against the States. *See Schilb v Kuebel*, 404 U.S. 357,

365 (1971) ("the Eighth Amendment's proscription of excessive bail has been assumed to have application to the States through the Fourteenth Amendment").

The law is clearly established that challenges to bail set by a trial court become moot once a defendant has been convicted. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Flanagan v.United States*, 465 U.S. 259 (1984) ("order denying a motion to reduce bail ... becomes moot if review awaits conviction and sentence"). After conviction, a claim for past unlawful imprisonment or excessive bail is a civil rights claim for which money damages may be sought, not a habeas corpus claim that affects the fact or duration of Petitioner's present confinement. *See Nance v. Paderick*, 368 F. Supp. 547 (W.D. Va. 1973); *Hall v. Warden of Md. Penitentiary*, 136 A.2d 380 (1957). Consequently, this claim is subject to dismissal for failure to state a claim upon which habeas corpus relief can be granted.

**2.    Claim Two**

Claim Two is that Petitioner's Fifth Amendment rights were violated because his case was not presented to a grand jury. (Dkt. 3, p.2.) He was instead charged by Information, in accordance with state law. *See* I.C. § 19-1301, *et seq*. The Fifth Amendment right to grand jury indictment under the federal constitution does not extend to state prosecutions. *See Hurtado v. California*, 110 U.S. 516 (1884); *United States v. Jordan*, 291 F.3d 1091, 1095 n. 2 (9th Cir. 2002); *Gautt v. Lewis*, 489 F.3d 993, 1003 n.10 (9th Cir. 2007) ("this Fifth Amendment right has not been incorporated into the Fourteenth Amendment so as to apply against the states"). Accordingly, this claim is

subject to dismissal for failure to state a claim upon which habeas corpus relief can be granted.

**3.     Claim Three**

Petitioner's third claim is a Sixth Amendment ineffective assistance of counsel claim. He alleges that his trial counsel erred in withdrawing a "motion for pre-trial release," seeking to reduce bail. He asserts that, had he been released on bail, the outcome of his sentencing hearing would have been different.

The clearly-established law governing a claim of ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984). There, the United States Supreme Court determined that, to succeed on an ineffective assistance claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and that (2) the petitioner was prejudiced by the deficient performance. *Id*. at 684.

In assessing whether trial counsel's representation fell below an objective standard of competence under *Strickland*'s first prong, a reviewing court must view counsel's conduct at the time that the challenged act or omission occurred, making an effort to eliminate the distorting lens of hindsight. *Id*. at 689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

Prejudice under these circumstances means there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at

684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

A petitioner must establish both incompetence and prejudice to prove an ineffective assistance of counsel case. 466 U.S. at 697. On habeas review, the court may consider either prong of the *Strickland* test first, or it may address both prongs, even if one is deficient and will compel denial. *Id.*

The foregoing standard, giving deference to counsel's decision making, is the de novo standard of review. Another layer of deference—to the state court decision—is afforded under AEDPA. In giving guidance to district courts reviewing *Strickland* claims on habeas corpus review, the United States Supreme Court explained:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, *supra*, at 410, 120 S.Ct. 1495. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Richter*, 562 U.S. at 101. With this standard in mind, this Court reviews the state court decision in Petitioner's case.

The Idaho Court of Appeals concluded that Petitioner failed to meet his burden of demonstrating he was prejudiced as a result of trial counsel's decision, reasoning:

> Among other rationales, the district court dismissed Condon's claim of ineffective assistance vis-à-vis excessive bail on the ground that he had

**MEMORANDUM DECISION AND ORDER - 8**

> neither pleaded nor presented evidence of prejudice from counsel's failure to pursue the excessive bail issue. The district court's reasoning was correct. In Condon's petition and supporting materials he does not allege any connection between the alleged excessive bail and any perceived prejudice. On appeal, Condon argues that he demonstrated prejudice because if his defense attorney had pursued a motion to reduce bail, Condon could have gone into alcohol treatment and this demonstration of his amenability to treatment would have resulted in a lesser sentence. However, the record is bereft of evidence to support this contention. Condon's chain of reasoning on appeal as to how he was prejudiced is as follows. If defense counsel had requested a reduction of bail: (1) the trial court would have reduced his bail; (2) Condon would have posted the reduced bail; (3) Condon would have been accepted into an alcohol treatment program; (4) he would have succeeded in that program; and (5) having succeeded in that program, he would have received a more lenient sentence. While Condon did provide evidence that he could have received treatment at the Lighthouse program, he presented no admissible evidence supporting the other four elements of his argument. Rather, he asks us to assume that the court would have been persuaded to reduce his bail, that Condon had the financial capacity and would have posted the reduced bail, that he would have succeeded in a treatment program, and that this success would have led the trial court to give him a more lenient sentence. Because this claim of prejudice is based on speculation and was not supported by admissible evidence, the petition was properly dismissed.

(State's Lodging D-4, pp. 4-5.)

This Court agrees that Petitioner's claim is based on mere speculation. He presented no evidence in state court, nor does he make any argument here, regarding any factors that would show he would have successfully posted bail, completed the treatment program, or received a reduced sentence. The record is devoid of anything to support his contentions. Therefore, even assuming that Petitioner's counsel was deficient in withdrawing the motion, meeting the first *Strickland* prong, Petitioner cannot meet the second prong of prejudice. Based on the record, this Court concludes that the decision of the Idaho Court of Appeals was not unreasonable.

**MEMORANDUM DECISION AND ORDER - 9**

### 4. Conclusion

Petitioner's first two claims fail to state a federal habeas corpus claim upon which relief can be granted. Petitioner's third claim fails on the merits, for failure to show prejudice. Accordingly, the entire Petition will be dismissed with prejudice.

### ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: May 20, 2016

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge